IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES (JAY) ROEHL,

    Plaintiff,

v.                                                            No. CV 09-0179 JH/RLP

WILLAM J. WAGGONER,

    Defendant.

## ORDER DISMISSING COMPLAINT

**THIS MATTER** comes *sua sponte* before the Court on Plaintiff James (Jay) Roehl's application to proceed *in forma pauperis* ("IFP"), filed February 20, 2009, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is

> 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).  In screening the Complaint, the Court will accept as true Roehl's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Roehl.  *See id.* at 1217.

"A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario – situations in which the claims are "so defective that they should never have been brought at the outset."  *See id.* at 329-30.  Frivolous claims that may be dismissed *sua sponte* are ones "based on an indisputably meritless legal theory, . . . [or] whose factual contentions are clearly baseless.  Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . ."  *Id.* at 327.  Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims."  *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).  But "a court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."  *Id.* at 1284.

Roehl, who is no stranger to litigation in this Court[1], filed his action under 42 U.S.C. § 1983

---

[1] *See, e.g.*, *Blue Sky Transport. v. Amestoy*, No. 93cv709 (D.N.M. Nov. 3, 1993) (dismissing case for failure to proceed as required under FED. R. CIV. P. 41); *Roehl v. Harper*,

against William J. Waggoner, a private individual whom Roehl contends was his employer. *See* Complaint at ¶ 3. Roehl alleges that he sued Waggoner for breach of contract in state court for failing to pay his salary. *See id.* at ¶¶ 4-6. Although the remainder of Roehl's Complaint is difficult to follow, it appears that he contends that (i) his due process rights were violated by the state-court judge's adverse rulings, scheduling orders, and behavior in telling Roehl to "stop talking" and not allowing him to present arguments the way he desired during hearings in which Roehl appeared pro se.[2] *See id.* ¶¶ 7-22. Roehl alleges that, by ruling adversely to him and in favor of Waggoner, the state-district-court judge "repeatedly violated the Civil Rights of the Petitioner in concert with defendant Waggoner."[3] *Id.* at ¶ 23. He appears to contend that, by granting Waggoner's motion to compel disclosure of discovery regarding Roehl's medical witness, the judge learned that Roehl had

---

No. 93cv1456 JGB/DJS (D.N.M. Jan. 4, 1995) (dismissing with prejudice on parties' joint motion); *Roehl v. Amestoy*, No. 95cv1545 MV/LFG (D.N.M. Jan. 7, 1997) (granting Defendants' motion to dismiss); *Roehl v. Bank of Am.*, No. 01cv607 BB/DJS (D.N.M. Aug. 23, 2001) (granting voluntary dismissal of § 1983 complaint alleging violation of due process rights against private actor arising out of state probate proceedings); *Roehl v. Bank of Am.*, No. 01cv608 LH/LFG (D.N.M. Aug. 23, 2001) (remanding removed probate case to state court); *Roehl v. Bank of Am.*, No. 02cv1336 WJ/WDS (D.N.M. Aug. 19, 2003) (dismissing § 1983 claims for alleged denial of substantive and procedural due process rights arising out of a state probate case because complaint did not state sufficient facts to show conspiracy and because defendants were not state actors, *see* Doc. 44 at 6-9); *Roehl v. Honstein*, No. 02cv1511 MCA/ACT (D.N.M. Jan. 30, 2004) (dismissing § 1983 claims for denial of substantive and procedural due process for failure to timely serve and failure to follow removal requirements); *Roehl v. Ruiten*, 08cv725 JB/RLP (D.N.M.) (pending suit alleging violation of § 1983).

[2] Roehl made similar allegations in another case against the state probate judge who presided over the probate action Roehl was involved in, claiming that judge deliberately interrupted him to confuse him and disrupt his train of thought and that the judge treated his objections "with disdain." *See Roehl v. Bank of Am.*, 02cv1336 WJ/WDS Doc. 44 at 3.

[3] These allegations are also similar to those made in his complaint against the Bank of America, where this Court carefully explained to Roehl that he must allege specific facts to show concerted action in order to state a claim for conspiracy between a judge and parties in a law suit, and this Court dismissed that suit for failure to make such a showing. *See Roehl v. Bank of Am.*, 02cv1336 WJ/WDS (D.N.M. Aug. 19, 2003) Doc. 44 at 6-9.

a severe heart condition that Waggoner was making worse by stressing him with aggressive litigation tactics, and that the judge therefore had a duty to grant Roehl's motion for default judgment against Waggoner, but did not, thereby increasing the stress upon Roehl. *See id.* Roehl contends that, because Waggoner knew of Roehl's heart condition, which Roehl contends places Roehl in a protected "class," Waggoner unlawfully discriminated against him based upon his handicap by litigating, thereby violating Roehl's civil rights. *See id.*

Roehl next spends several pages complaining about conversations during hearings involving Waggoner's alleged statement that Roehl needed to ask the judge what to call his third-amended complaint that Roehl states were not included in the transcript of the court record. *See* ¶¶ 24, 25, at pp. 16-20. Apparently, Roehl failed to file a third-amended complaint that Waggoner contended Roehl had stipulated he would file during the hearing, and the state-court judge dismissed Roehl's complaint upon Waggoner's subsequent motion. *See id*. at ¶ 25 at 19-20. Roehl contends that, by achieving dismissal of Roehl's complaint in February 2007, Waggoner became a "temporary public actor" and deprived him of a "protected property interest." *Id.* ¶¶ 26, 28. Although he did not actually attach the exhibits to his federal Complaint, Roehl attached a list of exhibits that included fifteen documents from his state-court suit and excerpts from the state-court transcripts.

Roehl requests "remand to the state district court and the granting of the default judgment and summary judgment and for the state district court to make a finding for an amount reasonable determination [sic] in damages for the injuries to plaintiff set forth in his action . . . ." *Id.* at 21.

Roehl's complaint is barred by the *Rooker-Feldman* doctrine, which prevents federal district courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic*

4

*Indus. Corp.*, 544 U.S. 280, 284 (2005); *Guttman v. Khalsa*, 446 F .3d 1027, 1032 (10th Cir. 2006) (noting that the *Rooker-Feldman* doctrine applies only to "suits filed after state proceedings are final" and setting out what events may indicate such finality). As his request for relief amply demonstrates, Roehl requests that this Court not only review the state-court judgment, but also asks the Court to require the state court to issue findings and rulings in his favor and award damages to him. This the Court cannot do. Instead, review of the state-court judgment and the underlying rulings must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.

Time for appeal of the state-court's February, 2007 dismissal of Roehl's complaint has long passed, and the judgment is final. *See Guttman*, 446 F .3d at 1032 n.2 (explaining that "a judgment would be considered final for *Rooker-Feldman* purposes: (1) "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved"; (2) "if the state action has reached a point where neither party seeks further action"; or (3) "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated").

Further, the *Rooker-Feldman* doctrine bars consideration of constitutional claims that are "inextricably intertwined" with the state-court judgment because the district court, "in essence, is being called upon to review the state-court decision." *D. C. Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16 (1983). A "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco Inc*., 481 U.S. 1, 25 (1987) (Marshall,

J., concurring). Roehl's constitutional claims against Waggoner are inextricably intertwined with the state-court judgment and rulings, and are barred by *Rooker-Feldman*. *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (holding that, because the plaintiff sought "monetary damages against a variety of government actors and private individuals for the alleged violations of her constitutional rights occasioned by their complicity with the [state-] court's orders," she asserted "injuries based on the [state-] court judgments and, for her to prevail, would require the district court to review and reject those judgments. As such, her claims are inextricably intertwined with the [state-] court judgments and are therefore barred by the *Rooker-Feldman* doctrine.")

Further, as the Court has previously carefully explained to Roehl, in order to state a claim under § 1983, a plaintiff must show that he was injured as a result of state action. *See Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1442, 1447 (10th Cir. 1995). Private conduct, "no matter how . . . wrongful," may not be redressed by a § 1983 claim. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, even if this suit was not barred by the *Rooker-Feldman* doctrine, because Waggoner is a private individual and Roehl bases his allegations of "conspiracy" with the state-court judge solely on Waggoner's counsel's litigation efforts, Roehl has failed to establish the necessary state action required to make a prima facie showing of violation of § 1983. "[A] private party's mere invocation of state legal procedures does not constitute joint participation [with a judge] and thus is not state action" *Read v. Klein*, No. 99-5058, 1 Fed. Appx. 866, 871, 2001 WL 20818, **5 (10th Cir. January 9, 2001) (affirming dismissal of § 1983 action against private party and his attorney for obtaining an order that the plaintiff alleged violated his constitutional rights ). Further, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state . . . judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are

6

insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). This "standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as [is] the state court judge[ ] here." *Id.* Roehl's conclusory allegations of conspiracy are not sufficient to show state action by Waggoner. Thus, if the Court were to take jurisdiction and alternatively reach the merits of this case, the Court would dismiss the 1983 claims with prejudice.

**IT IS ORDERED** that Roehl's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED because his Complaint is barred by the *Rooker-Feldman* doctrine and is frivolous; and

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice for lack of jurisdiction.

**DATED this 26th day of May 2009.**

_____
UNITED STATES DISTRICT JUDGE