IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES (JAY) ROEHL,**

    **Plaintiff,**

v.                                                                                                                                                                                                                                        **No. CV 09-0179 JH/RLP**

**WILLAM J. WAGGONER,**

    **Defendant.**

## ORDER

**THIS MATTER** comes before the Court on pro se Plaintiff James (Jay) Roehl's *Motion for Permission to Petition Court of Appeals for Appeal or in the Alternative to State the Necessary Preconditions Are Met for Petition*, filed July 24, 2009 [Doc. 12]; on his *Motion for Leave to File First Amended Complaint Nunc Pro Tunc to Date Originally Filed on June 9, 2009*, filed July 30, 2009 [Doc. 13]; on his *Motion for Extension of Time to File Notice of Appeal after Entry of Final Judgment*, filed August 20, 2009 [Doc. 15]; on his *Motion for Inclusion, Nunc Pro Tunc of Verification in Verified Notice of Non-Receipt of Order of Dismissal of Complaint*, filed August 20, 2009 [Doc. 16]; and on his *Motion to Amend re 15 ex parte Verified Motion for Extension of Time for Filing Notice of Appeal After Entry of Final Judgment*, filed September 14, 2009 [Doc. 17]. Having considered the Plaintiff's motions, the record, and the relevant law, the Court concludes that, except for the motion seeking to amend document 15 by adding exhibits, *see* Doc. 17, the motions should be denied.

**I.    PROCEDURAL BACKGROUND**

The Court entered an order denying Roehl's application to proceed *in forma pauperis* and dismissing his Complaint for lack of subject-matter jurisdiction and as frivolous on May 26, 2009.

*See* Doc. 6. The Court explained that Roehl's suit not only was "barred by the *Rooker-Feldman* doctrine, [but also that] because Waggoner is a private individual and Roehl bases his allegations of "conspiracy" with the state-court judge solely on Waggoner's counsel's litigation efforts, Roehl has failed to establish the necessary state action required to make a prima facie showing of violation of § 1983." Doc. 6 at 6. Roehl received at least the first four pages of the Court's Order on June 2, 2009, but states that he did not receive the whole Order and that he did not read the four pages he received. *See* Doc. 7 at 1. On June 9, 2009, Roehl attempted to file an Amended Complaint into the closed case. In his Amended Complaint, Roehl sought to add as Defendants the state-district court, a district-court judge, and several employees of the state-district court, and the bulk of his Amended Complaint again addressed what he perceived as deficiencies and errors in the state-court's rulings and judgments. *See* Doc. 13, Ex. A. All of the Exhibits he attached were from the state-court case, and he requested damages from the state-court judge and Waggoner arising from what he contended were due-process violations during the state-court litigation. *See id.* On June 10, the Court sent Roehl a notice of deficiency, informing him that the case had been closed and any new complaints would have to be filed in a separate case with payment of appropriate filing fees. The Court again mailed a copy of its May 26 final order to Roehl on June 10, 2009.

The Court inadvertently failed to contemporaneously file a separate Rule 58(c)(2) final judgment with the May 26 final order, however, so the Court entered a Rule 58 final judgment on July 15, 2009. *See* Doc. 10. In an order denying Roehl's motion for a 10-day extension of time in which to file a notice of appeal as moot, the Court informed Roehl that he had thirty days from the filing of the final judgment to file a notice of appeal. *See* Doc. 11.

Roehl changed his address without expressly informing the Clerk of the Court, in writing, of the change, in violation of the Local Rules. *See* D.N.M.LR-Civ. 83.6. The Clerk of the Court

mailed a copy of the Final Judgment and of the Court's Order denying his motion for extension of time to Roehl's old address on July 15, and on July 27 mailed additional copies to Roehl at a new address that Roehl had included in one of the motions. Roehl states he received the final judgment on July 29, 2009. *See* Doc. 14. at 1.

## II.     ANALYSIS

**A.     The *Motion for Permission to Petition Court of Appeals for Appeal or in the Alternative to State the Necessary Preconditions Are Met for Petition***

On July 24, Roehl filed a motion for permission to file a notice of appeal because he apparently had not yet received the Court's Order explaining that a notice of appeal would be timely if filed before August 15, 2009. *See* Doc. 12 at 2. Because Roehl did not need permission to file an appeal, the motion will be denied as moot.

**B.     The *Motion for Leave to File First Amended Complaint Nunc Pro Tunc to Date Originally Filed on June 9, 2009*.**

Roehl received the order denying his extension of time and informing him that he had until August 15 to file a notice of appeal on July 29, 2009. *See* Doc. 16. But instead of filing a notice of appeal, on July 30 Roehl moved to file an Amended Complaint nunc pro tunc to June 9, solely contending that he had an absolute right to file an amended complaint on June 9 because no final judgment had yet been entered. The Court construes Roehl's motion to file an amended complaint in a case in which a final judgment has been entered as one to set aside the Court's final judgment under Rule 60. *See Combs v. PriceWaterhouse Coopers L.L.P.*, 382 F.3d 1196, 1205 (10th Cir. 2004) (noting that "[a]fter a district court enters a final judgment . . . it may not entertain motions for leave to amend [a complaint] unless the court first sets aside or vacates the judgment pursuant to FED. R. CIV. P. 59(e) or 60(b)"); *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087-88

(10th Cir. 2005) (noting that, "even though Rule 15(a) states that 'leave [to amend] shall be freely given when justice so requires,' this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed") (internal quotation marks omitted).  Roehl had no right to file an Amended Complaint in a case that had been closed by a final order dismissing his Complaint, and he has presented no good reasons why the Court should set aside its judgment and reopen the case.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (noting that Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances").  The motion to set aside the judgment and/or file the Amended Complaint will be denied.

   **C. The *Motion for Extension of Time to File Notice of Appeal after Entry of Final Judgment*.**

   As noted, *supra*, a final judgment was entered on July 15, and the Court noticed Roehl that any notice of appeal would be due by August 14.  Roehl received the judgment on July 29, 2009.  Roehl states that, late on August 11, 2009, he learned of an "emergency" regarding his possessions that were in a storage facility in another town and that were scheduled to be sold for nonpayment of storage fees on August 18, 2009.  *See* Doc. 17, Ex. A at 1.  He states that he had to deal with the emergency beginning on August 12, and that he had to spend the time between August 14-17 preparing an emergency petition for injunctive relief and a complaint for breach of contract regarding those possessions instead of preparing his notice of appeal.  *See* Doc. 15 at 2.  Roehl filed his second motion to an extension of time in which to file an appeal in this case on August 20, contending that he has established "good cause" for failing to timely appeal because of the alleged "emergency."  He also bases his claim of "good cause" in part on the two-week delay in receiving the July 15 final judgment.  But the delay in receiving the judgment was caused by Roehl's own

4

failure to inform the Clerk of the Court in writing of his address change.  Further, as noted above, Roehl has had actual notice of the May 26, 2009, final order dismissing his Complaint since June 2, 2009.  On June 25, in his first request for an extension of time, he stated he would file a notice of appeal within ten days.  *See* Doc. 9 at 4.  Roehl does not explain why he did not file his notice of appeal either during that time or between July 29 and August 12.

The Court has considered four factors in determining whether to grant Roehl's second motion for an extension of time in which to file a notice of appeal: "the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *City of Chanute v. Williams Nat'l Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (internal quotation marks and bracket omitted)).  The term "excusable neglect" may include inadvertence, mistake, and/or carelessness, and may be caused "by intervening circumstances beyond the party's control."  *Id.* (internal quotation marks omitted).  In determining whether neglect is "excusable," the Court must "take account of all relevant circumstances surrounding the party's omission."  *Id.* (internal quotation marks and bracket omitted).  "'[E]xcusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id.* (internal quotation marks omitted).  But "fault in the delay remains a very important factor– perhaps the most important single factor– in determining whether neglect is excusable."  *Id.*

Roehl has failed to show good cause or excusable neglect to warrant an extension of time to file an appeal.  Even though the unserved Defendant is not prejudiced by his delay in filing an appeal and his delay was not severe, Roehl had plenty of time between June 2 and August 14 to file his notice of appeal, and he simply chose to delay doing so.  Instead, he filed other motions in the

5

closed case, and then decided to focus his time and energy on a state-court proceeding after he procrastinated and still had not filed two days before the August 14 deadline. Further, because his case is barred by the *Rooker-Feldman* doctrine and he cannot state a § 1983 claim against the Defendant, an appeal would be frivolous and a waste of judicial economy. His second motion for an extension of time shall be denied.

**D. The *Motion for Inclusion, Nunc Pro Tunc of Verification in Verified Notice of Non-Receipt of Order of Dismissal of Complaint.***

Roehl complains that a verification of non-receipt he attached to Doc. 7 was intentionally "misfiled" and removed from the original document so that it "would not be included" on appeal. Doc. 16 at 1. He moves to have the verification placed in the record with the proper document. *See id.* The record shows, however, that the verification was, in fact, properly filed with the original document into the record. *See* Doc. 7 at 3. Roehl's motion will be denied.

**E. The *Motion to Amend re 15 ex parte Verified Motion for Extension of Time for Filing Notice of Appeal After Entry of Final Judgment*.**

Roehl requests that he be allowed to amend document 15, which is his second motion for an extension of time to file an appeal, by adding a copy of his unfiled application in state court for a temporary restraining order dated August 17 as Exhibit A, and by adding the envelope in which the Court mailed a copy of the July 15 final judgment to him as Exhibit B. The Court will grant the motion and has considered these documents.

**NOW, THEREFORE, IT IS ORDERED** that the *Motion for Permission to Petition Court of Appeals for Appeal* [Doc. 12] is DENIED as moot; the *Motion for Leave to File First Amended Complaint Nunc Pro Tunc* [Doc. 13] is DENIED; the second *Motion for Extension of Time to File Notice of Appeal* [Doc. 15] is DENIED; the *Motion for Inclusion* [Doc. 16] is DENIED; and the

*Motion to Amend re 15* [Doc. 17] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE